**DAVID A. DILLARD, CA Bar No. 97515**
david.dillard@cph.com
**G. WARREN BLEEKER, CA Bar No. 210834**
warren.bleeker@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 N. Central Avenue, Suite 2300
Post Office Box 29001
Glendale, California 91209-9001
Telephone: (626) 795-9900
Facsimile:   (626) 577-8800

Attorneys for Plaintiff,
SID DICKENS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID DICKENS, INC.<br><br>            Plaintiff,<br><br>     vs.<br><br>RODNEY F. DECKER, an individual, LAUREN P. GELBART an individual, and PAMELA JOY POLLAK, an individual,<br><br>            Defendants. | Case No. CV12-07682 DSF (SSx)<br><br>**[CONSENT JUDGMENT AND PERMANENT INJUNCTION NOTE CHANGE BY COURT** |

CHRISTIE, PARKER & HALE, LLP

Based upon the stipulation of Plaintiff Sid Dickens, Inc. ("SDI") and Defendants Rodney F. Decker ("Decker") and Lori P. Gelbart, sued erroneously as Lauren P. Gelbart ("Gelbart"), and for good cause showing, JUDGMENT IS ENTERED AS FOLLOWS as to all claims asserted by SDI in this action against Decker and Gelbart:

1. This Court has jurisdiction over SDI, Decker and Gelbart and of the subject matter of this action.

2. Venue is proper in this judicial district.

3. SDI is the owner of the following valid and enforceable United States Trademark Registrations:

| Registration No. | Mark | Goods |
| --- | --- | --- |
| 3,573,161 | SID DICKENS | Tiles, namely artistic wall tiles primarily of plaster, clay, gypsum, glass, ceramic or earthenware. |
| 4,088,345 | MEMORY BLOCK | Tiles, namely artistic wall tiles. |

4. SDI owns existing common law trademark rights in the mark:



This mark and the marks identified in SDI's U.S. Trademark Registrations are referred to as "SDI Marks" for purposes of this Consent Judgment.

5. SDI owns trade dress rights in the overall look of its collectible wall plaques ("Memory Blocks") including the size, shape, designs, and relative dimensions of the various components or features that contribute to the overall appearance. These trade dress rights are referred to as "SDI Trade Dress" for purposes of this Consent Judgment.

6. The SDI Marks and SDI Trade Dress are distinctive, either by virtue of being inherently distinct or through the acquisition of secondary meaning. The

1  SDI Trade Dress is distinctive because it has acquired secondary meaning and is nonfunctional.

7. The SDI Marks and SDI Trade Dress are conclusively determined to be valid and enforceable against Gelbart and Decker for as long as SDI and anyone in privity with SDI owns the SDI Marks, or SDI Trade Dress, even if a subsequent infringement action is brought by SDI, or by any entity in privity with it, against Gelbart and/or Decker for a product not identified in this action;

8. Gelbart and Decker admit they participated in Defendant Pamela Pollack's sales of products which they later found out contained marks that are identical or confusingly similar to the SDI Marks and trade dress that is identical or confusingly similar to the SDI Trade Dress, in this District and elsewhere. Gelbart and Decker further admit that their participation in the sale of products with marks that are identical or confusingly similar to the SDI Marks and trade dress that is identical or confusingly similar to the SDI Trade Dress, alone or in combination with other words and other items, is likely to cause confusion that accused goods and services emanate from or are sponsored or authorized by SDI.

9. Gelbart and Decker are precluded from contesting the validity, ownership or rights in the SDI Marks or SDI Trade Dress in any future litigation or dispute.

10. Gelbart, Decker and all other persons, firms or entities acting in concert or participating with one or both of them, are hereby permanently enjoined, directly or indirectly, from:

    a. using any of the SDI Marks or any marks confusingly similar thereto, or any colorable imitation thereof, in connection with the marketing, promotion, advertising, offer for sale, or sale of any products;

    b. using any simulation, reproduction, counterfeit, copy, or colorable imitation of SDI Trade Dress in connection with the

       offer for sale or sale of wall plaques;

    c. engaging in any other activity constituting an infringement of any of the SDI Marks or SDI Trade Dress or constituting any infringement of SDI's rights in or right to use or exploit the SDI Marks or SDI Trade Dress;

    d. using any false designation of origin or false description which can or is likely to lead the public, or individual members thereof, erroneously to believe that any product or service was or is circulated, displayed, distributed, offered for sale, sold, manufactured, licensed, sponsored, approved, or authorized by or for SDI, when such is not true in fact; and

    e. inducing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 10(a) through 10(d) above.

11. Gelbart and Decker each represent that each, respectively, has not been and is not in possession, custody or control of any goods, machinery or other instruments used to manufacture or create any goods, advertising, promotional or marketing materials that contain, utilize or embody any of SDI Marks or SDI Trade Dress.

12. Gelbart agrees that if SDI believes that Gelbart has violated this Consent Judgment in any way, SDI may bring an action against Gelbart for at least trademark and trade dress infringement and for breach of contract, and Gelbart consents to the filing of such an action in this District.

13. Decker agrees that if SDI believes that Decker has violated this Consent Judgment in any way, SDI may bring an action against Decker for at least trademark and trade dress infringement and for breach of contract, and Decker consents to the filing of such an action in this District.

CHRISTIE, PARKER & HALE, LLP

14. Gelbart agrees to provide truthful declarations, information and testimony in this matter in support of SDI's remaining claims upon the receipt of reasonable requests for such by SDI and/or its counsel.

15. Decker agrees to provide truthful declarations, information and testimony in this matter in support of SDI's remaining claims upon the receipt of reasonable requests for such by SDI and/or its counsel.

16. Gelbart and Decker waive notice of entry of this Consent Judgment and Permanent Injunction and waive the right to appeal therefrom or to test its validity, and SDI, Gelbart and Decker consent to its immediate entry in accordance with its terms. This Court shall retain jurisdiction over the parties concerning enforcement of this Consent Judgment and Permanent Injunction.

17. Judgment shall be entered in favor of SDI and against Gelbart and Decker.

18. The parties shall bear their own costs, including attorneys' fees, incurred with this action.

19. This Court shall retain jurisdiction concerning enforcement of this Consent Judgment and Permanent Injunction.

IT IS SO ORDERED.

12/18/12

Dated: _____   _____
                                United States District Court Judge

CHRISTIE, PARKER & HALE, LLP