JS 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SID DICKENS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> RODNEY F. DECKER, an individual, LAUREN P. GELBART an individual, and PAMELA JOY POLLACK, an individual, <br><br> Defendants. | Case No.  CV12-07682 DSF (SSx) <br><br> **JUDGMENT AND PERMANENT INJNUNCTION AGAINST PAMELA JOY POLLACK** |

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and for good cause showing, JUDGMENT IS ENTERED AS FOLLOWS as to all claims asserted by SDI in this action against Defendant Pamela Joy Pollack (aka Pamela de Somov, Pamela Desomov, Pamela Somov, Pamela Joy Westerline, Laurent Gelbart, Lauren Decker and Jaunita Nancy Sims) (hereinafter referred to as "Pollack"):

1. This Court has jurisdiction over SDI and Pollack and of the subject matter of this action.

2. Venue is proper in this judicial district.

3. SDI is the owner of the following valid and enforceable United States Trademark Registrations:

| Registration No. | Mark | Goods |
|---|---|---|
| 3,573,161 | SID DICKENS | Tiles, namely artistic wall tiles primarily of plaster, clay, gypsum, glass, ceramic or earthenware. |
| 4,088,345 | MEMORY BLOCK | Tiles, namely artistic wall tiles. |

4. SDI owns existing common law trademark rights in the mark:



This mark and the marks identified in SDI's U.S. Trademark Registrations are referred to as "SDI Marks" for purposes of this Judgment.

5. SDI owns trade dress rights in the overall look of its collectible wall plaques ("Memory Blocks") including the size, shape, designs, and relative dimensions of the various components or features that contribute to the overall appearance. These trade dress rights are referred to as "SDI Trade Dress" for purposes of this Judgment.

6. The SDI Marks and SDI Trade Dress are distinctive, either by virtue

of being inherently distinct or through the acquisition of secondary meaning. The SDI Trade Dress is distinctive because it has acquired secondary and is nonfunctional.

7. Pollack, with full knowledge of SDI's business and SDI's rights in these trademarks, has conducted business and has advertised, offered for sale and sold, in this District and elsewhere, cheap, knock-off, counterfeit Memory Blocks using SDI's trademarks and marks that are confusingly similar to SDI's trademarks. The sale of products with marks that are identical or confusingly similar to the SDI Marks and trade dress that is identical or confusingly similar to the SDI Trade Dress, alone or in combination with other words and other items, is likely to cause confusion that accused goods and services emanate from or are sponsored or authorized by SDI.

8. Pollack and all other persons, firms or entities acting in concert or participating with her, are hereby permanently enjoined, directly or indirectly, from:

    a. using any of the SDI Marks or any marks confusingly similar thereto, or any colorable imitation thereof, in connection with the marketing, promotion, advertising, offer for sale, or sale of any products;

    b. using any simulation, reproduction, counterfeit, copy, or colorable imitation of SDI Trade Dress in connection with the offer for sale or sale of wall plaques;

    c. engaging in any other activity constituting an infringement of any of the SDI Marks or SDI Trade Dress or constituting any infringement of SDI's rights in or right to use or exploit the SDI Marks or SDI Trade Dress;

    d. using any false designation of origin or false description which can or is likely to lead the public, or individual members

        thereof, erroneously to believe that any product or service was or is circulated, displayed, distributed, offered for sale, sold, manufactured, licensed, sponsored, approved, or authorized by or for SDI, when such is not true in fact; and

    e. inducing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 8(a) through 8(d) above.

9. Judgment shall be entered in favor of SDI and against Pollack

10. Pollack shall pay SDI's reasonable attorneys' fees and costs in the amount of $14,401.65 with interest.

11. This Court shall retain jurisdiction concerning enforcement of this Judgment and Permanent Injunction.

IT IS SO ORDERED.

Dated: 5/9/13

Hon. Dale S. Fischer
United States District Judge

-4-